**DAN LIN–CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] Acting U.S. Attorney General, Respondent.**

**No. 07–1467–ag.**

United States Court of Appeals, Second Circuit.

Nov. 20, 2007.

1. Pursuant to Federal Rule of Appellate Pro-   cedure 43(c)(2), Attorney General Michael B.

Richard Tarzia, Belle Mead, NJ, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wendtland, Assistant Director; Norah Ascoli Schwarz, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges.

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as

## SUMMARY ORDER

Dan Lin–Chen, a native and citizen of China, seeks review of a March 13, 2007 order of the BIA affirming the July 27, 2005 decision of Immigration Judge ("IJ") George T. Chew, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan Lin–Chen,* No. A98 113 319 (B.I.A. Mar. 13, 2007), *aff'g* No. A98 113 319 (Immig. Ct. N.Y. City July 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). As the BIA assumed Lin–Chen's credibility, the only issue before us is whether the agency erred in finding that Lin–Chen had failed to meet her burden of proof. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir. 2007).

Here, Lin–Chen challenges the agency's finding that she did not suffer past persecution and failed to establish a well-founded fear of future persecution on account of her Christian faith. In order to constitute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Lin–Chen claims that she was not admitted to

a respondent in this case.

the school of her choice in China and that police surrounded her church just after she left it. The agency did not err in concluding that those two incidents did not rise to the level of persecution. *See id.*

Lin–Chen also claims that a girl in a neighboring village was detained and beaten because of her religion, and that she fears arrest because authorities in China consider her a church leader. However, Lin–Chen testified that no one from her church was arrested, and that church members continue to practice their religion unharmed. Therefore, the agency did not err in finding that Lin–Chen did not establish a well-founded fear of future persecution. *See Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005) (acknowledging that the experiences of similarly situated friends and family are relevant to the evaluation of whether an asylum applicant's fear is well-founded).

As Lin–Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Majidi v. Gonzales,* 430 F.3d 77, 81–82 (2d Cir.2005).

Moreover, because Lin–Chen did not establish that it is more likely than not that she would be tortured if she returned to China, the agency's denial of CAT relief was not in error. *See* 8 C.F.R. § 208.16(c)(4). Lin–Chen claims that she fears she will be beaten or brainwashed if she is returned to China. In support of her CAT claim, Lin–Chen relies upon country reports that indicate that members of underground Christian churches in China are subject to arrest and physical abuse. However, as stated above, she concedes that no members of her church have been arrested, and that they continue to practice their religion unharmed. Moreover, the country reports are not particularized evidence that establish that

someone in Lin–Chen's particular alleged circumstances will be singled out for persecution. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005). Accordingly, substantial evidence supports the agency's finding that Lin–Chen failed to meet her burden of proof on her CAT claim.

For the foregoing reasons, the petition for review is DENIED.